IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:10-CV-237-FL

| | |
|---|---|
| DONALD L. MORRISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | ORDER |
| GEORGE E. B. HOLDING; DAVID ) | |
| CORTES; DENNIS DUFFY; S. ) | |
| KATHERINE BURNETTE; MARK ) | |
| MANSELL, and WAYNE R. MYERS, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on plaintiff's motion for summary judgment (DE # 5) and motion for hearing (DE # 7). Where it appears that none of the named defendants in this action have been served within the time provided for service in Federal Rule of Civil Procedure 4(m), defendant's motions for summary judgment and hearing are denied and the action is dismissed.

Plaintiff filed *pro se* complaint with this court on October 14, 2010. On October 29, 2010, the court ordered that plaintiff pay the necessary filing fee within thirty (30) days, which fee was received on November 26, 2010. On November 22, 2010, the court entered order assigning a civil case number to the matter. The docket reveals that defendants were never served with summons and complaint. On February 4, 2011, plaintiff moved for summary judgment on the grounds that defendants never responded to his complaint.

On May 25, 2011, the court ordered defendant to show cause as to why the action should not be dismissed without prejudice for failure to serve defendants. Defendant was given fourteen (14) days to file response. On June 27, 2011, defendant filed motion for hearing to review exculpatory

evidence. The motion for hearing does not address the court's May 25, 2011, order, nor does it address the issue of plaintiff's failure to serve defendants. Instead, defendant contends that he has received exculpatory evidence from a prior criminal case, and he wishes to present such evidence to the court.

Rule 4(m) provides that if a defendant is not served within 120 days after the complaint is filed, the court, on motion or on its own after notice to the plaintiff, must dismiss the action without prejudice or order that service be made within a specified time. If the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m). Absent a showing of good cause, the complaint must be dismissed. Mendez v. Elliot, 45 F.3d 75, 78-79 (4th Cir. 1995). A district court has no discretion to salvage an action once a Rule 4(m) violation has been found and there is no good cause for the violation. Id. (citing In re Cooper, 971 F.2d 640, 641 (11th Cir. 1992)).

As noted above, the docket reflects that no service has been accomplished. Even after the court issued show cause order to plaintiff, notifying him of problems with service and providing an opportunity to explain the failure to serve, plaintiff failed to provide any reason for not serving defendants, and instead filed a motion for hearing which addressed none of the issues regarding service pointed out by the court. As noted in the show cause order, the court is mindful that plaintiff proceeds *pro se*, however plaintiff has filed numerous lawsuits in this district, and has complied with the rules of service in at least one of those actions. No cause having been shown for plaintiff's failure to serve defendants pursuant to Rule 4(m), the court is without discretion to allow plaintiff's lawsuit to proceed. As such, plaintiff's motion for summary judgment (DE # 5) and motion for

2

hearing (DE # 7) are DENIED without prejudice. The Clerk is DIRECTED to close this case.

SO ORDERED, this the 30th day of June, 2011.

                                                LOUISE W. FLANAGAN
                                                Chief United States District Judge